

**ORDERED in the Southern District of Florida on March 11, 2013.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

**UNITED STATES B**
**SOUTHERN DIS1**
**www.flsb.uscourts.gov**

_____

In Re:

Melba Cabrera                                    Case No: 12-40913-LMI

Debtor                                           Chapter 13

_____/

**AGREED ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY NATIONSTAR MORTGAGE.**

THIS CASE came to be heard on March 5, 2013 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property held by **NATIONSTAR MORTGAGE*** (DE#21); the "Motion"). Based upon the debtor's assertions made in support of the Motion, upon agreement of Nationstar, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.      The value of the debtor's real property (the "Real Property") located at 7220 Fairway Drive, Apt G15, Miami Lakes, FL 33014 and more particularly described as

**Condominium Unit No. G15, of CYPRESS VILLAGE CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 10573, Page 2222, and any amendments thereto, if any, of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common areas, if any.**

is approximately $53,000.00 at the time of the filing of this case. .

B.      The total of all claims secured by liens on the Real Property senior to the lien of **_NATIONSTAR MORTGAGE_** is approximately **N/A.**

C.      The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of lender is $0.00 and Lender has a secured interest in the Real Property of **$53,000.00**. Accordingly, the value of the Lender's secured interest in the real property is **$53,000.00** at 5.25% for a total of $60,375.43.

Consequently, it is ORDERED as follows:

1.      The Motion is GRANTED.

2.      Lender has an allowed secured claim in the amount of **$53,000.00** at 5.25% and for a total of $60,375.43.

2.      Because the remainder of Lender's secured interest in the Real Property is $0.00, Lender's mortgage recorded on **November 28, 2007 at OR Book 26063 at Page 0724** of the Official Records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If the case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

3.      Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, an as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed

4.      The Real Property may not be sold or refinanced without proper notice and further order of the Court.

5.      Notwithstanding the forgoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

6.      Debtor will be responsible for paying taxes and insurance directly and debtor will provide creditor with proof of insurance within 10 days of the order.

###

Submitted By:

Jennifer R. Jorge, Esq.
Law Offices of Jennifer R. Jorge, P.A.
PO Box 190862
Miami Beach, FL 33119
Tel: (786) 488-2168
Fla Bar No: 0149012

Attorney Jennifer Jorge is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.